UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re Application of ) <br> ) <br> GRUPO UNIDOS POR EL CANAL, S.A., ) <br> ) <br> To Obtain Discovery for Use in an ) <br> International Proceeding ) <br> ) | Misc. Action No. _____ <br><br> **14 MISC 0405** |

### *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FROM PARSONS BRINCKERHOFF FOR USE IN AN INTERNATIONAL PROCEEDING

Pursuant to 28 U.S.C. § 1782, and Rules 26 and 45 of the Federal Rules of Civil Procedure, Grupo Unidos por el Canal, S.A. ("GUPC" or "Applicant") hereby moves *ex parte* for an Order to obtain discovery from Parsons Brinckerhoff ("Parsons") for use in an international arbitration proceeding under the auspices of the International Chamber of Commerce ("ICC"). As discussed more fully in the accompanying memorandum of law, along with the declaration of Francis A. Vasquez, Jr. and exhibits thereto, the requested Order is warranted for the reasons set forth below.

1.  28 U.S.C. § 1782 states in relevant part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. Further, "[t]he order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.*

2.  As discussed more fully in the in the accompanying memorandum of law, Applicant GUPC is a Panama-based company constructing the Panama Canal expansion. Prior

to its incorporation in November 2009, GUPC was a joint venture comprised of several leading global construction companies.[1]

3. In August 2009, as part of a major program to expand the Panama Canal, GUPC secured a multi-billion dollar contract (the "Contract") to build the Third Set of Locks for the Panama Canal (the "Project"). The Contract was entered into with Autoridad del Canal de Panama ("ACP"), a legal entity of the Republic of Panama established pursuant to Title XIV of the Constitution of Panama. ACP has exclusive responsibility for the operation, administration, management, preservation, maintenance, and modernization of the Canal.

4. Applicants began work in 2009, and the Project is ongoing. From the outset, however, ACP substantially failed to perform its obligations in numerous respects, including, *inter alia*, by concealing and withholding critical information regarding the true nature of the existing conditions at the Project and the status of other aspects of the Panama Canal expansion. ACP's material misrepresentations and other breaches have resulted in delays, cost overruns, and other problems relating to the Project.

5. On December 28, 2013, GUPC, together with its members as co-claimants, submitted a dispute with ACP regarding the Project to international arbitration under the Rules of Arbitration of the ICC, by filing a Request for Arbitration with the Secretariat of the ICC International Court of Arbitration in Paris, France.

6. Parsons is a U.S.-based company that provides planning, development, design, construction, operation, and maintenance services for infrastructure projects. Since at least 2002, Parsons has served as a primary consultant to ACP for the Panama Canal expansion project.

---

[1] Hereinafter, reference to GUPC is to the incorporated company and pre-incorporation joint venture.

Parsons' global headquarters is located in the Southern District of New York at One Penn Plaza, New York, New York 10119.

7. On information and belief, in view of its role as an advisor to ACP on the Panama Canal expansion project, Parsons has custody and control over documents that are relevant to the international proceeding—including with respect to, *inter alia*, the claims regarding ACP's misrepresentations and withholding of Project information. These documents are specified in Annex A to the subpoena attached as Exhibit 2 to the Vasquez Declaration. GUPC reserves the right to request the issuance of subpoenas for the testimony of Parsons representatives that may be relevant to the international proceeding.

8. All of the statutory requirements for the ordering of discovery under 28 U.S.C. § 1782 are met in this case. As a claimant in the international arbitration, GUPC is an "interested person," and seeks the specified information "for use in" that international proceeding. Parsons "resides or is found" within this jurisdiction by virtue of its global headquarters here.

9. Moreover, recourse to discovery under § 1782 is warranted—and, indeed, necessary—because GUPC does not have access to the information, including the specified documents, through the arbitration. The international tribunal lacks the authority to order production of the information held by Parsons because Parsons is not a party to that proceeding. *See, e.g., Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Other discretionary factors also weigh in favor of ordering discovery, including because the ICC tribunal should be receptive to the requested information, GUPC is not seeking to circumvent any evidence-gathering limitations in the arbitration proceeding, and the requests are not unduly burdensome. *Id.*

10. Finally, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012); *see also, e.g.*, *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012) (reviewing grant of motion to quash following *ex parte* grant of § 1782 petition).

WHEREFORE, Applicant GUPC respectfully requests that the Court enter an Order (i) authorizing GUPC to obtain discovery from Parsons under 28 U.S.C. § 1782; and (ii) granting GUPC leave to serve the subpoena attached as Exhibit 2 to the Vasquez Declaration.

Dated: December 4, 2014  
Washington, D.C.

Respectfully submitted,

_____  
Francis A. Vasquez, Jr.  
Carolyn B. Lamm  
Frank Panopoulos  
**WHITE & CASE** LLP  
701 Thirteenth Street, N.W.  
Washington, D.C. 20005  
Phone: (202) 626-3600  
Fax:    (202) 639-9355  
*Counsel for Applicant*